IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MANNY ALVAREZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 315-041 |
| | ) |
| STACEY N. STONE, Warden, | ) |
| | ) |
| Respondent. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and requested permission to proceed *in forma pauperis* ("IFP"). (Doc. nos. 1, 2.) On May 5, 2015, the Court denied the request to proceed IFP because Petitioner's Inmate Account Summary showed that within the last six months Petitioner had a total of $1,003.76 deposited to his account, including monthly "job pay" deposits. (See doc. no. 3.) In accordance with the Local Rules, the Court provided Petitioner with twenty-one days to remit the $5.00 filing fee. Petitioner has not paid the $5.00 or communicated with the Court in any way to explain why he could not pay the fee. Moreover, the Federal Bureau of Prisons Inmate Locator states that Petitioner has been released from federal prison. See http://www.bop.gov/inmateloc/, search "Manny Alvarez," last visited June 1, 2015.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to

comply with a court order. Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Local Rule 4.2(2) also provides that if the filing fee is not paid within twenty-one days of the denial of an IFP petition, the civil action will be dismissed. Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a petitioner has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, Petitioner's failure to pay the filing fee, respond in any way to the order directing payment, or communicate with the Court amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. The Court also finds that the imposition of monetary sanctions is not a feasible sanction because Petitioner has already chosen not to pay the filing fee necessary to commence a case in District Court. Furthermore, Petitioner's apparent release from federal prison not only suggests that he has already obtained the relief sought in his habeas corpus

2

petition, but also suggests the Court would be saddled with a stagnant case in which no communication with Petitioner seems possible because he has not provided a new address where he can be contacted.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 1st day of June, 2015, at Augusta, Georgia.

*signature*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3